# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**BUSTER CHANDLER, JR.,**                                                             **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 3:10CV-P780-H**

**COOKIE CREWS** *et al.*                                                   **DEFENDANTS**

## MEMORANDUM AND ORDER

Plaintiff Buster Chandler, Jr.,[1] is a convicted inmate at the Kentucky State Reformatory (KSR). He initiated this *pro se* action by filing, on his own paper, a handwritten document styled "Petition for a Preventive Injunction." As Defendants, he names KSR Warden Cookie Crews; Unit Director William Palmer; Overseer of Dorm 9 Melody Smith; and unknown correctional officers "John and Mary Does." Alleging constitutional violations under the First and Fourteenth Amendments, Plaintiff asks the Court to grant injunctions prohibiting Defendants from forcing him to get rid of his legal materials; prohibiting Defendants from retaliation by shakedowns and destroying his legal materials; and prohibiting Defendants from transferring Plaintiff for exercising his First Amendment right.

This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, when a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from

---

[1] In the caption of the complaint, Plaintiff indicates that he files this action, not only on his own behalf, but on behalf of others who are similarly situated. Plaintiff, however, does not have standing to represent the rights of others. *See, e.g., Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause). The Court, therefore, considers Plaintiff Chandler as the sole Plaintiff in this action.

a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

Although not so stated by Plaintiff, the Court construes this action as being brought under 42 U.S.C. § 1983 since he is suing state officials for alleged constitutional violations. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

Plaintiff alleges that KSR officials are requiring him to get rid of (that is, mail out or throw away) his needed legal materials pursuant to Corrections Policy and Procedure (CPP) 17.1B, which limits the amount of legal materials permitted in inmate living areas to 2 cubic feet per inmate. Plaintiff admits that he has over this amount of legal materials in his cell but alleges that the materials are necessary to file a motion for new trial in the Fayette Circuit Court and to challenge the parole board. He advises that a KSR case worker, Charlie Brown, has given him a form to sign giving up some of his legal statutes and telling him that he would be moved to another cell at some later time. He further reports that Defendant Smith will write him up and seize the documents if he fails to get rid of his legal papers. Recently, Plaintiff filed a motion for emergency relief indicating that on or around February 8, 2011, he was advised that he had 45 days to mail out or throw away his legal papers.

Plaintiff alleges that Defendants are using CPP 17.1B to violate his First Amendment right to access the courts; that CPP 17.1B is unconstitutional under the Fourteenth Amendment as it does not permit an alternative to or waiver of the space requirement; and that Defendants are violating due process under the Fourteenth Amendment by denying him an opportunity to be heard prior to getting rid of all of his legal materials. **Upon consideration, the Court will allow**

**these claims to proceed against Defendants beyond initial review. A separate Scheduling Order will be entered governing the development of these claims.**

Plaintiff also claims that he is being denied equal protection under the Fourteenth Amendment because he is black and a prisoner. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To prove a violation of the Equal Protection Clause, a plaintiff must allege an invidious discriminatory purpose or intent. *Washington v. Davis*, 426 U.S. 229 (1976); *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256 (1979). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. at 279.

On one occasion in the complaint, Plaintiff states that he is black and that Defendants Palmer and Smith as well as non-defendant Charlie Brown are white and that "there is a unwritten rule here at [KSR] that staff does not go against a white staff member for a black inmate." Any claim of racial discrimination is wholly broad and conclusory and fails to state a claim upon which relief may be granted.

Plaintiff additionally claims he, as a prisoner, has the same First Amendment right to access the court as a non-prisoner. No equal protection violation is stated. Plaintiff, who is in the custody and under the control of the Kentucky Department of Corrections and its officials, is simply not similarly situated in this instance to non-prisoners, over whom Defendants have no control.

**IT IS THEREFORE ORDERED** that the Fourteenth Amendment equal protection claims against Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date:


cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.005