UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**BUSTER CHANDLER, JR.,**                                                                **PLAINTIFF**

**v.**                                 **CIVIL ACTION NO. 3:10CV-P780-H**

**COOKIE CREWS** *et al.*                                          **DEFENDANTS**

**SCHEDULING ORDER**

By separate Memorandum and Order entered this date, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A. Upon consideration, the Court has allowed the following claims to proceed against all Defendants: that Plaintiff is being denied access to the courts under the First Amendment; that CPP 17.1B is unconstitutional under the Fourteenth Amendment; and his due process rights are being violated under the Fourteenth Amendment. To govern the development of the continuing claims, **IT IS ORDERED** as follows:

      (1)     **The Clerk of Court shall forward by certified mail, return receipt requested, one copy of the complaint (DN 1) and this Scheduling Order, to the Justice & Public Safety Cabinet, Office of Legal Counsel, Frankfort, Kentucky.** General Counsel shall have **30 days** after receipt by certified mail of the complaint and this Scheduling Order to complete and return a notice of waiver of service for Defendants. **Should counsel for the Justice & Public Safety Cabinet not represent any Defendant, the Court requests General Counsel to provide a forwarding or last known address for that Defendant so that it may ensure service.** If the address is not public record, counsel shall file the information **under seal**.

(2) The Clerk of Court shall issue summons and cause a copy of the complaint and summons to be served on each Defendant for whom waiver is not timely returned. In the event a summons is returned to the Court unexecuted, the Clerk of Court is **DIRECTED** to mail a copy of the returned, unexecuted summons and the USM-285 form to Plaintiff and to make a notation in the docket sheet of having done so. **Plaintiff is WARNED that in the event he receives such notification, he must take steps to remedy the defect in service. Failure to do so within 120 days of entry of this Order may result in dismissal of the Defendant at issue.**

(3) The answer to the complaint shall be filed no later than **60 days** after waiver of service. However, if service is required, the answer shall be filed no later than **21 days** after service of summons. Insofar as is practicable, the answer is to restate in separate paragraphs the allegations of the complaint, followed by Defendants' answer.

(4) As to the "John and Mary Doe" Defendants, the Court advises that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P 4(m). Because the Court is required to screen the complaint prior to service, the Court will count the 120 days from the date of this Order. Accordingly, **Plaintiff has 120 days from the date of this Order within which to move to amend his complaint to name specific Defendants or show good cause for his failure to do so.** Plaintiff is put on notice that his failure to meet the requirements of the Federal Rules of Civil Procedure could result in dismissal of this action as to the "John and Mary Doe" Defendants.

(5) The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **MAY BE DISREGARDED** by the Court.

(6) The parties shall complete all pretrial discovery herein no later than **August 1, 2011**. As a requirement of discovery, Defendants' counsel shall produce to Plaintiff all records or documentation which are relevant to the claim(s) set forth in this complaint that have survived initial review. **Counsel shall certify that the production is complete and shall file the certification with the Court**. Within the same time, Plaintiff shall provide counsel for Defendants any records or documentation relevant to his remaining claims. **Plaintiff shall certify that production is complete and shall file the certification with the Court**. A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d). *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

(7) This Order does not override a party's responsibility to timely and completely respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and 36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the Federal Rules of Civil Procedure.[1]

---

[1]The Court notes, however, that this action is exempt from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action brought without an attorney by a person

(8) No later than **September 1, 2011**, Plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claim in this matter against each Defendant.

(9) No later than **October 3, 2011**, Defendants shall file a pretrial memorandum. In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendants may file any dispositive motions, including a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

(10) Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive motions shall be filed no later than **October 3, 2011**.

(11) If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires. Any such motion to extend any time should indicate the reasons for extension. The Court will not grant an extension unless good cause is shown.

(12) Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendants' counsel. *See* L.R. 5.2(d).

---

in custody of the United States, a state, or a state subdivision."); Fed. R. Civ. P. 26(f) (parties must confer "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)").

(13) Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.005