UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-P780-H

BUSTER CHANDLER, JR.                                      PLAINTIFF

V.

COOKIE CREWS, et al                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate currently confined at the Kentucky State Reformatory ("KSR"),

brings this *pro se* action pursuant to 42 U.S.C. § 1983 naming as defendants KSR Warden

Cookie Crews ("Crews"), Unit Director William Palmer ("Palmer"), overseer of Dorm nine (9)

Melody Smith ("Smith"), and unknown John and Mary Does. Plaintiff is in violation of

Corrections Policy and Procedure ("CPP") 17.1 limiting the legal materials in his living area

to two (2) cubic feet.  However, he argues that CPP 17.1 and Defendants' enforcement of CPP

17.1 are in violation of his First and Fourteenth Amendment rights.

Following an initial screening of the underlying action pursuant to 28 U.S.C. 1915A and

*McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997), the Court entered a Memorandum

Opinion and Order dismissing a portion of Plaintiff's complaint and allowing the following

claims to proceed: (1) that Defendants are using CPP 17.1B to violate his First Amendment

right to access the courts; (2) that CPP 17.1B is unconstitutional under the Fourteenth

Amendment because it does not permit an alternative to or waiver of the space requirement; and

(3) that Defendants are violating due process under the Fourteenth Amendment by denying him

an opportunity to be heard prior to getting rid of his legal materials.  Defendants now move for

summary judgment**.**  Plaintiff has made a limited response.

I.

A party is entitled to summary judgment when there is no "genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c), *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). In addressing a motion for summary judgment, "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in [its] favor." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. *Celotex v. Catrett,* 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Not every disputed factual issue is material in light of the substantive law that governs the case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." *Anderson,* 477 U.S. at 248.

The non-moving party "may not rely merely on allegations or denials in its own pleading." Fed.R.Civ.P. 56(e)(2); *Leary v. Livingston County*, 528 F.3d 438, 444 (6th Cir. 2008). Rather, the nonmoving party must come forward with "specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2); *Matsushita* at 586.

II.

There are a number of reasons why Plaintiff's claims should be dismissed.  The Court will mention two at the outset.

To the extent Plaintiff's complaint includes official capacity claims, such claims are

2

deemed to be claims against the Commonwealth of Kentucky itself and are therefore barred by the Eleventh Amendment to the U.S. Constitution. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Edelman v. Jordan,* 415 U.S. 651, 678 (1974); and *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).

The Prison Litigation Reform Act ("PLRA"), requires that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. §1983 first exhaust his available administrative remedies. *See Porter v. Nussle,* 534 U.S. 516, 532 (2002). To properly exhaust, Plaintiff must complete the administrative review process in accordance with the grievance procedure outlined in Kentucky Corrections Policy and Procedure. *See Jones v. Bock,* 549 U.S. 199 (2007), and *Woodford v. Ngo,* 548 U.S. 81 (2006).  Plaintiff has presented no evidence that he exhausted his administrative remedies prior to filing this action.  Defendants' discovery responses indicated that Plaintiff did not pursue these administrative remedies.

III.

Plaintiff alleges that Defendants are using CPP 17.1B to violate his First Amendment right to access the courts. To state a claim of denial of access to the courts, Plaintiff is required to show an actual injury to a non-frivolous legal proceeding arising from the Defendants' alleged conduct. *Davis v. Powell*, 91 Fed.Appx. 495, 496 (6th Cir. 2004)(unpublished opinion), *citing Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Plaintiff first argues that he plans to challenge a Parole Board action. However, Plaintiff has not been before the Parole Board since 2002 and is not scheduled for parole consideration again until 2012.  Plaintiff's anticipation of a Parole Board decision in 2012 that he will wish to challenge does not establish an actual injury to a non-frivolous legal proceeding.

3

Plaintiff has not identified any pending litigation in the Fayette Circuit Court, Kentucky Court of Appeals or the Kentucky Supreme Court challenging the sentence entered by the Fayette Circuit Court.  Plaintiff claims that he is in the process of drafting a Motion for New Trial. However, Kentucky Rules of Criminal Procedure provide that motions for new trial must be served not later than five (5) days after the return of the verdict; or if the motion is based upon newly discovered evidence, within one (1) year. It is totally at the discretion of the trial judge to allow a motion to be filed at a later time.  *See RCr 10.06.*

The Court concludes that Plaintiff's plans to seek permission to file a motion for a new trial outside of the normal time schedule, though no actual motion has been filed, does not establish an actual injury to a non-frivolous legal proceeding.

IV.

The United States Supreme Court has held that a prison regulation impinging on inmates' constitutional rights "is valid if it is reasonably related to legitimate penological interests." *Lewis v. Casey,* 518 U.S. 343, 361 (1996), *citing Turner v. Safley,* 482 U.S. 78, 89 (1987). As the Court explained, such a deferential standard is necessary "if 'prison administrators ..., and not the

courts, [are] to make the difficult judgments concerning institutional operations.' Subjecting the day-to-day judgments of prison officials to an inflexible strict scrutiny analysis would seriously hamper their ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration." *Ibid.* (citation omitted), quoting *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 128 (1977).

Plaintiff's claim that Defendant's are using CPP 17.1B to violate his First Amendment

4

right to access the courts should not prevail given this deferential treatment applied when reviewing prison regulations. Limits on property, including legal materials, allowed in an inmate's living space are in place to maintain security, health and safety standards. Limits on materials stored within a prison cell, especially combustible material, are for the safety and security of the facility and the occupants of the facility. To allow inmates to exceed these limits would have a negative impact on fire safety standards, contributing to both problems with entering and exiting the cell in emergency situations as well as potential fire safety problems with the storage of an excess of combustible materials in the small space of a prison cell.

In conclusion, the regulations here concern the security, health and safety of the occupants of the institution, are legitimate penological interests, and, thus, do not constitute violations of his First Amendment rights.

V.

Plaintiff argues that his Fourteenth Amendment rights have been violated because: (1) CPP 17.1B does not permit an alternative to or waiver of the space requirement; and (2) Defendants have denied him an opportunity to be heard prior to getting rid of his legal materials.

Property interests protected under the due process clause are not created by the Constitution. *Board of Regents v. Roth,* 408 U.S. 565, 577 (1972). Rather, such interests are created from an independent source such as state law which provides a "legitimate claim of entitlement." *Id.* Plaintiff fails to point to state law or any other independent source of law that creates an entitlement to maintaining legal property in his cell. CPP 17.1 states that inmates are allowed to maintain a "reasonable amount of legal materials necessary for his legal actions and legal reference materials (example: books), if they are not available at the institutional library,"

5

but limits the amount to two (2) cubic feet per inmate. Therefore, to the extent Plaintiff has permission to maintain legal materials in his cell, this permission exists only to the extent granted

by CPP 17.1B. There is no property right to legal material in excess of this two (2) cubic feet limit.

Plaintiff also argues that Defendants have not afforded him a pre-deprivation hearing prior to requiring him to remove the excess materials from his cell. A pre-deprivation proceeding is not constitutionally required. Defendants are only required to afford Plaintiff a post-deprivation remedy, which is afforded in the form of both the grievance process as well as the adjustment procedure process to the extent Plaintiff receives a prison disciplinary report for his violation of CPP 17.1B. *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *citing Parratt v. Taylor,* 451 U.S. 527 (1981). Since the Department of Corrections ("DOC") has a meaningful post-deprivation remedy, Plaintiff fails to state a due process violation.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is SUSTAINED and Plaintiff's remaining claims are DISMISSED WITH PREJUDICE.

This is a final order.

cc:     Counsel of Record